IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis D. Green,                )  | |
|                                 )  | C/A No. 3:11-2375-MBS |
|     Plaintiff,     )  | |
|                                 )  | |
| vs.                             )  | **O R D E R** |
|                                 )  | |
| Cpt. Charles Govan, Dr. Singleton, ) | |
|                                 )  | |
|     Defendants.    )  | |
| _____ )  | |

At the time of the underlying events, Plaintiff Travis D. Green was detained at the Orangeburg-Calhoun Regional Detention Center in Orangeburg, South Carolina. Plaintiff, proceeding pro se, filed this action on September 6, 2011, alleging that Defendants violated his constitutional rights in various respects. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation.

On February 27, 2012, Defendant Govan filed a motion for summary judgment. By order filed February 28, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. On March 9, 2012, Defendant Singleton filed a motion for summary judgment. A second Roseboro order was issued on March 12, 2012. Plaintiff filed no response in opposition to Defendants' motions.

On March 5, 2012, the Magistrate Judge issued an order in which he granted Plaintiff an additional fifteen days to file a response to Defendants' motions for summary judgment. Plaintiff was advised that his failure to respond could result in dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b). Plaintiff filed no response to Defendants' motions for summary judgment or the

Magistrate Judge's May 2, 2012 order. On May 21, 2012, the Magistrate Judge issued a Report and Recommendation in which he recommended that the within action be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Plaintiff filed no objection to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The Report and Recommendation is adopted and incorporated herein by reference. Defendants' motions to for summary judgment (ECF Nos. 22, 27) are **granted**. Plaintiff's complaint is dismissed with prejudice pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina
June 19 2012.